# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARK BAMBACH, *et al.*,

    Plaintiffs,

v.

LAPEER COUNTY, *et al.*,

    Defendants.

                                       /

CASE NO. 18-14039
HON. DENISE PAGE HOOD

## ORDER DENYING WITHOUT PREJUDICE
## MOTION TO DISQUALIFY PLAINTIFFS' LAWYERS [#14]

**I.    INTRODUCTION**

Plaintiffs filed this 42 U.S.C. § 1983 action on December 23, 2018, alleging that Defendants violated their Fourth, Fifth, and Fourteenth Amendment rights during a child protective services investigation, the removal of the children from Plaintiff Mark Bambach's ("Bambach") home, and resulting judicial proceedings against Bambach. On March 19, 2019, Defendant Lapeer County (the "County") filed a Motion to Disqualify Plainiffs' Lawyers (the "Motion"). [Dkt. No. 14] Plaintiffs filed a response, to which the County replied. Defendants Gina Moegle, Susan Shaw, and Stacy May (the "State Defendants") filed a concurrence in the Motion, to which Plaintiffs

1

responded.[1]  The Court held a May 1, 2019 hearing regarding the Motion.  For the reasons that follow, the Court denies the Motion without prejudice.

## II. BACKGROUND

Bambach and his minor children, Plaintiffs M.B. and E.B., brought this § 1983 action against the County and the State Defendants after a child protective services investigation and ensuing events inflicted great harm on Plaintiffs.  Plaintiffs allege that Defendant Gina Moegle ("Moegle") "knowingly made false statements and omissions in order to 'justify' her removal of the Bambach children" from Bambach's home. [Dkt. No. 9 at ¶¶ 153-156, 165-167, 234-235] Plaintiffs also allege that Defendant Stacy May ("May") "knew or should have known that the order to remove the Bambach Children . . . was based upon Moegle knowingly making falsities and omissions." [Dkt. No. 9 at ¶¶ 271-272, 275]

Plaintiffs have alleged that their lawyers (Maria L. Hoebeke and Brian M. Garner) have personal knowledge that Moegle made alleged false statements and that May had knowledge of those alleged false statements stemming from conversations between Plaintiffs' lawyers and Moegle and May during the course of the child

---

[1] The State Defendants' concurrence in the Motion was not limited to simply agreeing with the County's arguments.  The State Defendants cited additional allegations of the Complaint and offered enhanced substantive arguments as a basis for disqualifying Plaintiffs' lawyers.  As Plaintiffs have filed a response to the State Defendants' concurrence, the Court has reviewed and considered the arguments in both the State Defendants' concurrence and Plaintiffs' response to that concurrence.

2

protective services investigation and proceedings. [Dkt. No. 9 at ¶¶ 85, 88-90, 92-94] The County (and through its concurrence, the State Defendants) claim that Plaintiffs' lawyers' alleged personal knowledge of Moegle's alleged falsehoods and May's alleged knowledge of those falsehoods are relevant to Plaintiffs' Fourth and Fourteenth Amendment claims against Moegle and May, such that it will be necessary for Garner and Hoebeke to appear as witnesses at trial to testify.

### III. ANALYSIS

Plaintiffs first ask the Court to strike the Motion because the County misrepresented that Plaintiffs denied concurrence in the Motion. The Court denies this argument (at least as it relates to Garner), as the County acknowledged that it did seek concurrence but did not receive a response from Garner, such that it should have indicated that lack of response rather than that Plaintiffs had denied concurrence. *See* E.D. Mich. L.R. 7.1(a)(2). The Court finds that the County's representation with respect to Garner was a mistake, likely borne out of standard motion practice, as there is no evidence that it was malicious or intentional. The analysis may be different with respect to Hoebeke. Prior to filing the Motion, the County never attempted to contact Hoebeke regarding disqualification [*see* Dkt. No. 17, PgID 349-52], even though it should have sought her concurrence as an "attorney" or "other person[] entitled to be heard on the motion." *See* E.D. Mich. L.R. 7.1(a)(2) ("the motion or request must

3

state: (A) there was a conference between attorneys or unrepresented parties and other persons entitled to be heard on the motion").

Plaintiffs contend that, although they do not agree that their lawyers should be disqualified, they were prejudiced by the Motion because they were willing to stipulate that their attorneys would not testify as fact witnesses at trial – one of the remedies they assert the County sought in the Motion. Plaintiffs are correct that, at the outset of the Motion, the County requests that the Court "disqualify Plaintiffs' lawyers from participation at trial or alternatively, disqualify Plaintiffs' lawyers as fact witnesses." [Dkt. No. 14, PgID 321] And, it is undisputed that, in response to the Motion, Plaintiffs repeatedly offered to stipulate that Garner and Hoebeke would not testify at trial. [*See, e.g.,* Dkt. No. 17, Exs. B and C] The County rejected that stipulation, arguing that: (1) it had never sought that relief in the caption of the Motion, nor in the relief requested at the close of the Motion; and (2) Hoebeke and Garner are necessary fact witnesses at trial and must be disqualified because their testimony would violate Michigan Rule of Professional Conduct 3.7.

As to both Garner and Hoebeke, the Court finds that the filing of the Motion seeking disqualification of Plaintiffs' lawyers was not prejudicial to Plaintiffs because Plaintiffs are not willing to concur that their attorneys should be disqualified.

Turning to the County's argument that Plaintiffs' lawyers must be disqualified

as trial counsel in this case, the Court notes that Rule 3.7 (Lawyer as Witness) provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
> > (1) the testimony relates to an uncontested issue;
> >
> > (2) the testimony relates to the nature and value of legal services rendered in the case; or
> >
> > (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.[2]

---

[2]None of the parties argues that Rule 1.7 or Rule 1.9 are relevant in addressing the Motion. Rule 1.7 – Conflict of Interest: General Rule – provides:

> (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless: (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and (2) each client consents after consultation.
>
> (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless: (1) the lawyer reasonably believes the representation will not be adversely affected; and (2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

Rule 1.9 – Conflict of Interest: Former Client – provides:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former

5

In Michigan ethics opinion RI-281, it was explained that "MRPC 3.7(a) seeks to prevent the mixing of advocacy and testimony." RI-281 (Sept. 1996). As stated in Michigan ethics opinion RI-299, issued on December 18, 1997, however:

> MRPC 3.7 pertains only to acting as "advocate at a trial," and not the subject of client representation generally. As this Committee has previously opined, even if the lawyer might eventually be disqualified from being trial counsel pursuant to this rule, the rule does not require withdrawal or disqualify the lawyer from participating in pre-trial activities. See, RI-226; RI-281.

RI-299 also touches on two other components of Rule 3.7, as follows:

> Lastly, MRPC 3.7(a)(3) provides that the disqualification would not apply if the disqualification would work "substantial hardship" on the client. Thus in any event the Court would have to make a determination as to whether or not disqualification would work such a substantial hardship, even if the Court were otherwise convinced that MRPC 3.7 would require withdrawal of the lawyer in the second action.

---

client unless the former client consents after consultation.

(b) Unless the former client consents after consultation, a lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated has previously represented a client (1) whose interests are materially adverse to that person, and (2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter.

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter: (1) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client, or when the information has become generally known; or (2) reveal information relating to the representation except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client.

> The remaining issue is resolved by the express language of MRPC 3.7(b). That rule expressly provides that another lawyer, even in the lawyer's firm, may act as trial advocate, even though the lawyer may be called as a necessary witness. See, also, RI-136; RI-96. Thus an associate of the lawyer, or "office sharer" of the lawyer, could act as trial advocate if the lawyer is ultimately disqualified pursuant to Rule 3.7, assuming that the associate or "office sharer" would not independently be disqualified by the provisions of Rules 1.7, 1.9 or otherwise.

The opinion in RI-299 concluded:

> In summary, the lawyer may continue to represent the former president, at least as to all pre-trial matters. As to acting as trial counsel, the Judge should decide this issue based upon the considerations set forth above, including specifically whether or not the second action is analogous to the exception set forth in MRPC 3.7(a)(2), and/or whether or not disqualification would work a substantial hardship on the client. The Court should make that determination based upon the particular facts presented at the time of the disqualification motion. Lastly, should the lawyer be disqualified from acting as trial advocate, the lawyer's associates or "office sharers" would not be disqualified from acting as trial advocate, provided that they are not independently disqualified by MRPC 1.7, 1.9, or otherwise.

Based on a simple reading of Rule 3.7 and the ethics opinion at RI-299, it cannot be disputed that both Garner and Hoebeke can represent Plaintiffs in all pre-trial matters, even if they are disqualified from representing Plaintiffs at trial.

Having reviewed the pleadings, the briefing on the Motion, and the parties' arguments at the hearing, the Court concludes that, at this stage of the proceedings, it is not possible to determine whether Garner and/or Hoebeke will be necessary witnesses at trial. As the County recognized, "attorneys are not necessary witnesses

if the substance of their testimony can be elicited from other witnesses and the party seeking disqualification did not call the attorney as a witness." *People v. Tesen*, 276 Mich.App. 134, 144 (2007). The County argues that the allegations in this case suggest that Garner and/or Hoebeke have personal knowledge of certain events that support Plaintiffs' cause of action, such that it seems likely that Plaintiffs' case would benefit from the testimony of Garner and/or Hoebeke. But, Plaintiffs: (a) state that the testimony of their lawyers is not necessary because their case can be proven <u>without</u> Garner or Hoebeke testifying at trial; <u>and</u> (b) represent that they are willing to stipulate that neither of them will testify as a fact witness at trial.

Defendants argue that if Hoebeke and/or Garner testify about the events related to the allegations involving Moegle's alleged lies to Judge Scott and May's failure to intervene with respect to Moegle's lies, the "combination of roles of advocate and witness [by Hoebeke and/or Garner] will prejudice the Defendants' rights . . . [because] it may not be clear to anyone, including the jury, whether a statement by an advocate witness such as Hoebeke or Garner should be taken as proof or as an analysis of the proof." [Dkt. No. 20, PgID 475-76] As the County argues, if Garner and/or Hoebeke testify, it is very likely that their testimony will conflict with the testimony of Moegle and May. Defendants maintain that this prejudice significantly outweighs any prejudice Plaintiffs would face if they have to retain new counsel at this early

stage of the case. The County argues that it will call Garner and/or Hoebeke as a witness at trial, even though it acknowledges that Garner and/or Hoebeke seemingly would offer testimony that is highly adversarial and detrimental to Defendants' interests.

At this juncture of the proceedings, the Court finds persuasive Plaintiffs' representations that the testimony of Garner and Hoebeke is not necessary and that Plaintiffs will call neither Garner nor Hoebeke as a witness at trial. The Court is not persuaded by the County's suggestion that Plaintiffs would not suffer substantial hardship if Garner and Hoebeke are disqualified because: (1) the case and discovery are just beginning, and (2) another member of Garner's and Hoebeke's law firm can step into the case. MRPC 3.7(b). The underlying child custody dispute has been ongoing for years, during which time Garner and Hoebeke have consistently represented Plaintiffs, resulting in an intimate knowledge of the case. And, there are only two other attorneys in the law firm, neither of whom is prepared to handle this case. As a result, Plaintiffs would have to try to obtain new counsel on a contingency basis, which likely would be a formidable task with respect to this particular case.

Finally, the State Defendants ask that, if the Court denies the Motion, the Court strike any allegation in the Second Amended Complaint to which Hoebeke and Garner were likely to have been necessary witnesses. (Citing paragraphs 85, 88, 90, 92, 93,

9

94, 153-156, 165-167, 253-254, 261, 264, 271-272, 275(b), 276, 279, and 29). The Court declines the State Defendants' invitation to strike allegations for two reasons: (1) the State Defendants did not file such a motion; and (2) the relief requested is overbroad and ignores that the allegations do not reflect that Hoebeke and Garner were the only non-Defendant witnesses to the events described in almost every cited paragraph. The only <u>possible</u> exceptions are the allegations set forth at paragraphs 88, 93, 94, and 275(b).

### IV. CONCLUSION

For the reasons stated above,

IT IS ORDERED that the Motion to Disqualify Plaintiffs' Lawyers [Dkt. No. 14] is DENIED WITHOUT PREJUDICE.

IT IS ORDERED.

                                                        s/Denise Page Hood
                                                        U. S. District Court

Dated: June 27, 2019